## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SOLAR TRUST OF AMERICA, LLC**, *et al.*, <br> a Delaware limited liability company, | Case No. 12-11136 (KG) |
| Debtors.[1] | (Jointly Administered) |

# SCHEDULES OF ASSETS AND LIABILITIES

YOUNG CONAWAY STARGATT & TAYLOR, LLP
Rodney Square
1000 King Street
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtors and Debtors in Possession*

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their employer tax identification number, are: Solar Trust of America, LLC (4430), STA Development, LLC (9964), STA Contracting, LLC (8039), Amargosa Valley Solar I, LLC (2615), Amargosa Valley Solar II, LLC (0481), Palo Verde Solar I, LLC (1503), Palo Verde Solar II, LLC (1587), Palen Solar I, LLC (1669), Palen Solar II, LLC (1728), CA Solar 10, LLC (1779), Solar Millennium, Inc. (9886), Ridgecrest Solar Power Project, LLC (2699), Ridgecrest Solar I, LLC (1825), and Ridgecrest Solar II, LLC (0397). The corporate headquarters address for the Debtors is 505 Montgomery Street, 11th Floor, San Francisco, CA 94111.

*These notes (the "Global Notes") regarding the Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") comprise an integral part of the Schedules and Statements and should be referred to and considered in connection with any review of them.*

1. The debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors") have prepared these unaudited Schedules and Statements pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure. Except where otherwise noted, the information provided herein is as of the close of business on April 1, 2012 and, unless otherwise noted, values of assets and liabilities provided represent book values as of such date, which may or may not be reflective of market value, and may have been subsequently modified or corrected. While the Debtors have made every reasonable effort to ensure that the Debtors' Schedules and Statements are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and Statements. Moreover, because the Schedules and Statements contain unaudited information which is subject to further review and potential adjustment, there can be no assurance that these Schedules and Statements are complete or accurate.

2. In reviewing and signing the Schedules and Statements, Jimmie Cummins, the Executive Vice President, Chief Restructuring Officer and Chief Financial Officer of Solar Trust of America, LLC and Chief Financial Officer of the other debtors in the above-captioned cases (the "CFO") has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtors. The CFO has not (and could not have) personally verified the accuracy of each such statement and representation, including but not limited to statements and representations concerning amounts owed to creditors and their addresses.

3. The Debtors reserve the right to amend the Schedules and Statements as they determine may be necessary or appropriate in their sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim or other item reflected on the Schedules or Statements as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." These Global Notes will apply to all such amendments. Furthermore, nothing contained in the Schedules or Statements shall constitute a waiver of the Debtors' rights with respect to these chapter 11 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.

4. Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." Additionally, the dollar amounts of claims listed may be exclusive of additional contingent and/or unliquidated amounts. Further, the claims of individual creditors for, among other things, goods, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all of their rights with respect to any such credits and allowances.

5.  Some of the Debtors' assets and liabilities are unknown and/or unliquidated as of close of business on April 1, 2012. In such cases, the amounts are listed as "unknown." Accordingly, the Schedules may not accurately reflect the aggregate amount of the Debtors' current assets and liabilities.

6.  At times, the preparation of the Schedules and Statements required the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities and the reported amounts of expenses during the reporting period. Actual results could differ from those estimates. Pursuant to Fed. R. Bankr. P. 1009 and Del. Bankr. L.R. 1009-2, the Debtors may amend their Schedules as they deem necessary and appropriate to reflect material changes, if any, that arise during the pendency of their chapter 11 cases. In addition, the Debtors reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules.

7.  Given the differences between the information requested in the Schedules and Statements and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules and Statements do not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

8.  For the purposes of Schedule B, each Debtor's Schedule B identifies such Debtor's direct ownership interests in any subsidiary or partnership, but excludes any indirect ownership of a subsidiary or partnership.

9.  For the purposes of Schedule B, and consistent with the instructions for Schedule B, each Debtor's Schedule B omits interests in executory contracts and unexpired leases. Because certain of the Debtors' interests in executory contracts and unexpired leases are believed to be of significant value, this may result in an understated aggregate value of these Debtors' assets. Additionally, for the purposes of Schedule B, each Debtor's Schedule B omits letters of credit which may have been posted on such Debtor's behalf by one or more of the Debtors' non-debtor corporate parents, secured by collateral belonging to the Debtors' non-debtor corporate parents, and payable to non-debtor third parties.

10. For the purposes of Schedule B, question 9, only insurance policies with unexpired coverage terms as of close of business on April 1, 2012 are listed. To the extent that one or more Debtors might have rights to coverage under a policy with an expired coverage term, all such rights are expressly preserved notwithstanding the fact such policies have not been listed in response to Schedule B, question 9.

11. For the purposes of Schedule B, question 21, the Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Schedules and Statements. The Debtors reserve all of their rights with respect to any causes of action they may have, whether or not listed as assets in the Schedules and Statements, and neither these Global Notes nor the Schedules and Statements shall be deemed a waiver of any such causes of action.

12. For the purposes of Schedule B, question 28, the Debtors have omitted all de minimis property abandoned post-petition with Court approval in response to Schedule B, question 28.

13. The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule E are actually entitled to priority under section 507 of the Bankruptcy Code. The Debtors reserves the right to assert that claims identified on Schedule E are not claims that are entitled to priority.

14. Pursuant to an order of the Bankruptcy Court dated April 3, 2012, the Debtors are authorized to pay certain prepetition obligations for employee wages, salaries and other compensation, reimbursable employee expenses and employee medical and similar benefits. Therefore, the Debtors believe that certain claims otherwise entitled to priority under sections 507(a)(4) and 507(a)(5) of the Bankruptcy Code have been satisfied in the ordinary course, and such claims have not been listed on the Debtors' Schedule E.

15. For the purposes of Schedule G, the Debtors believe they have only scheduled executory contracts to which a Debtor is a party or may be contractually and/or directly liable to perform. Similarly, for the purposes of the other Schedules, no claims have been scheduled for a Debtor that may have benefited directly or indirectly from a contractual relationship to which the Debtor was not a named party.

16. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Certain of the leases and contracts listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations may not be set forth on Schedule G. Certain of these executory agreements may not have been memorialized in writing and/or could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as easements, right of way, subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. Certain of the contracts, agreements, and leases listed on Schedule G may have been entered into by more than one of the Debtors. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, each Debtor reserves the right to assert that such agreements constitute executory contracts. Finally, since filing these cases, the Debtors have obtained Court approval to reject certain contracts and leases by orders dated April 30, 2012 and May 18, 2012 (Docket Nos. 163 and 254, respectively). The Debtors have omitted these rejected agreements from Schedule G.

17. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserve all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease, including if any are unexpired non-residential real property leases. Any

and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

18. For the purposes of Schedule H, the Debtors have listed each past and current insurer of a Debtor in response to Schedule H. The inclusion of an insurer on Schedule H does not mean such insurer is necessarily a co-debtor in fact.

19. With respect to question 1 of the Statements, the Debtors are development companies at this stage of their existence, and do not yet have active operations that generate revenue. Accordingly, with the exception of STA Contracting LLC, the Debtors did not have gross income during the applicable period.

20. With respect to question 2 of the Statements, losses related to investment in subsidiaries are excluded from the responses to question 2.

21. With respect to question 3(b) of the Statements, payments to the professionals listed in response to question 9 of the Statements are omitted from the responses to this question. Additionally, the response to question 3(b) does not include "Amounts Still Owing," if any, to each person listed in response to question 3(b).

22. With respect to questions 3(c) and 23 of the Statements, the listing of any person or entity is not intended to be nor shall it be construed as a legal characterization of such party as an insider, and does not act as an admission of any fact, claim, right or defense, and all such right, claims and defenses are hereby reserved. Additionally, the responses to questions 3(c) and 23 do not include historical intercompany transfers between Debtor entities. Finally, those payments listed in response to question 23 are omitted from the response to question 3(c).

23. With respect to question 7 of the Statements, the Debtors' books and records indicate that less than one half-dozen additional gifts not included in response to question 7 were distributed by the Debtors during the year prior to the filing of these chapter 11 cases. Each of these gifts was valued at less than $300 on the Debtors' books and records. The Debtors have omitted these gifts from the responses to question 7 because all details concerning these gifts, other than their de minimis values, are stored in archived expense reports which cannot be retrieved by the Debtors without incurring significant retrieval costs.

24. With respect to question 13 of the Statements, in the ordinary course of business certain of the Debtors' creditors, such as utilities and professionals, may have setoff all or part of unpaid invoices against items such as security deposits or retainers previously provided to such creditors by the Debtors. These creditors are not listed in response to question 13. Likewise, bank fees deducted from bank accounts of the Debtors are not listed in response to question 13. Additionally, in the ordinary course of business the Debtors may record intercompany non-cash accounting entries on their respective books and records. To the extent that these accounting entries could be considered setoffs, such setoffs are not listed in response to question 13.

25. With respect to question 15 of the Statements and the Statements and the Schedules generally, the Debtors relocated their shared corporate headquarters on or about April 30, 2012, approximately one month after commencing these cases. Because this relocation occurred after the commencement of these cases, it is not listed in response to question 15. Additionally, although the Statements and

Schedules generally reflect information as of close of business on April 1, 2012, the Debtors have listed their current address where a Debtor's current address is requested.

26. With respect to question 18(a) of the Statements, only entities in which each Debtor directly owned 5 percent or more of the voting or equity securities within the six years immediately preceding these bankruptcy cases are listed in response to question 18(a). For a complete overview of the Debtors' corporate structure, please consult Exhibit A to the *Declaration of Edward Kleinschmidt in Support of Chapter 11 Petitions and First Day Motions* [Docket No. 3], filed on April 2, 2012

27. With respect to question 19(d) of the Statements, although the Debtors from time to time may have furnished financial statements to other parties, including but not limited to affiliated entities, it is not the practice of the Debtors to maintain records of such transmittal. Consequently, the Debtors cannot provide an exhaustive list of all entities that have received one or more financial statements from the Debtors in response to question 19(d). Additionally, although the Debtors have previously provided financial statements to certain prospective purchasers of the Debtors or their assets, the Debtors believe they may be contractually prohibited from publicly disclosing the identity of these recipients. For this reason, the responses to question 19(d) have been omitted.

28. With respect to question 21(b) of the Statements, officers and directors of any Debtor who have ceased to be officers or directors of that Debtor after April 1, 2012 have been omitted from the response to question 21(b) of the Statements.

29. With respect to question 23 of the Statements, the Debtors have omitted de minimis expense reimbursements, such as reimbursement of working travel costs, from the response to question 23 of the Statements.

30. The Debtors and their employees, agents, attorneys and other professionals do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein. While every effort has been made to provide accurate and complete information herein, inadvertent errors or omissions may exist. The Debtors and their employees, agents, attorneys and other professionals expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized. In no event shall the Debtors or their employees, agents, attorneys or other professionals be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused, even if the Debtors or their employees, agents, attorneys and other professionals are advised of the possibility of such damages.

B6-Summary (Official Form 6 – Summary) (12/07)

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

In re:  SOLAR TRUST OF AMERICA, LLC _____          Case No.:  12-11136 (KG)
              Debtor.

Chapter 11

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each.  Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided.  Add the amounts from Schedules A and B to determine the total amount of the debtor's assets.  Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities.  Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

### AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | $0.00 | | |
| B - Personal Property | Yes | 4 | $52,176,358.71 | | |
| C - Property Claimed as Exempt | No | N/A | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | $0.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total claims on Schedule E) | Yes | 1 | | $0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 4 | | $67,902,434.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtors(s) | No | N/A | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | N/A | | | N/A |
| TOTAL | | 13 | $52,176,358.71 | $67,902,434.00 | |

01:12118419.1

B6A (Official Form 6A) (12/07)

In re: **SOLAR TRUST OF AMERICA, LLC**
          **Debtor**

Case No.  12-11136 (KG)

# SCHEDULE A – REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim."

If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C – Property Claimed as Exempt.

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| None | | | | |
| | | Total ▶ | $0.00 | |

(Report also on Summary of Schedules.)

01:12118419.1

Form B6B (Official Form 6B) (12/07) -- Cont.

In re:  SOLAR TRUST OF AMERICA, LLC                                   Case No. 12-11136 (KG)
                        Debtor

# SCHEDULE B – PERSONAL PROPERTY

       Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether the husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

       **Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

       If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."  If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand. | X | | | |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account**<br>**Account Number XXXXXXXX7810**<br>**CitiBank, N.A.**<br>**2000 Shattuck Avenue**<br>**Berkeley, California  94704** | | $122,725.05 |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. Books; pictures and other art objects; antiques; stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | X | | | |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies.  Name insurance company of each policy and itemize surrender or refund value of each. | | **ACE American**<br>**Policy # PMUH08525821**<br>**Business Auto Coverage**<br><br>**ACE American**<br>**Policy # PMGG2491785A**<br>**General Liability Coverage**<br><br>**ACE Property and Casualty Insurance Co.** | | Unknown<br><br>Unknown<br><br>Unknown |

Form B6B (Official Form 6B) (12/07) -- Cont.

In re:  SOLAR TRUST OF AMERICA, LLC                                      Case No. 12-11136 (KG)
                    Debtor

# SCHEDULE B – PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| | | Policy # XOOG24916947 Umbrella Coverage | | |
| | | National Union Fire Insurance Co. of PA Policy # 27937673 Errors & Omissions Coverage | | Unknown |
| | | State Compensation Insurance Fund Policy# 901176112 Workers' Compensation Coverage | | Unknown |
| | | Travelers Property Casualty Co. of America Policy # QT660365M0291TIL12 and # QT660365M0291TIL12 Inland Marine Coverage | | Unknown |
| | | Travelers Property Casualty Co. of America Policy # 4A005909 and  # 4A0059922 Commercial Property Coverage | | Unknown |
| 10.  Annuities.  Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12.  Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans.  Give particulars. | X | | | |
| 13.  Stock and interests in incorporated and unincorporated businesses.  Itemize. | | 100% membership interests in STA Investment Holdings, LLC | | Unknown |
| | | 100% membership interests in STA Ventures, LLC | | Unknown |
| | | 100% membership interests in STA Operations, LLC | | Unknown |
| | | 100% membership interests in STA Development, LLC | | Unknown |
| | | 100% membership interests in STA Contracting, LLC | | Unknown |
| | | 100% membership interests in STA Industries, LLC | | Unknown |
| | | 100% membership interests in STA Management Services, LLC | | Unknown |
| 14.  Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 15.  Government and corporate bonds and other negotiable and non-negotiable instruments. | X | | | |

Form B6B (Official Form 6B) (12/07) -- Cont.

In re: **SOLAR TRUST OF AMERICA, LLC**
　　　　　　　　Debtor

Case No. 12-11136 (KG)

# SCHEDULE B – PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH- OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 16.  Accounts receivable. | X | | | |
| 17.  Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 18.  Other liquidated debts owed to debtor including tax refunds.  Give particulars. | | **Claim against CA Solar 10, LLC (residual intercompany balance)** | | $439,353.00 |
| | | **Claim against Ridgecrest Solar I, LLC (residual intercompany balance)** | | $14,585.66 |
| | | **Claim against STA Contracting, LLC (residual intercompany balance)** | | $6,344,710.00 |
| | | **Claim against STA Development, LLC (residual intercompany balance)** | | $45,153,113.00 |
| 19.  Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A – Real Property. | X | | | |
| 20.  Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21.  Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |

01:12118419.1

Form B6B (Official Form 6B) (12/07) -- Cont.

In re:  SOLAR TRUST OF AMERICA, LLC                     Case No. 12-11136 (KG)
                        Debtor

# SCHEDULE B – PERSONAL PROPERTY

| TYPE OF PROPERTY | N O N E | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT, OR COMMUNITY | CURRENT VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 22.  Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 23.  Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 24.  Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25.  Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26.  Boats, motors, and accessories. | X | | | |
| 27.  Aircraft and accessories. | X | | | |
| 28.  Office equipment, furnishings, and supplies. | | **Please see Exhibit A** | | $101,872.00 |
| 29.  Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30.  Inventory. | X | | | |
| 31.  Animals. | X | | | |
| 32.  Crops – growing or harvested. Give particulars. | X | | | |
| 33.  Farming equipment and implements. | X | | | |
| 34.  Farm supplies, chemicals, and feed. | X | | | |
| 35.  Other personal property of any kind not already listed.  Itemize. | X | | | |

2 continuation sheets attached.     Total ▶     | $52,176,358.71 |

(Include amounts from any continuation
sheets attached.  Report also on
Summary of Schedules.)

01:12118419.1

B6D (Official Form 6D) (12/07)

In re:  **SOLAR TRUST OF AMERICA, LLC**
　　　　　　Debtor

Case No. 12-11136 (KG)

# SCHEDULE D – CREDITORS HOLDING SECURED CLAIMS

　　　　State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

　　　　List creditors in alphabetical order to the extent practicable. If a minor child is the creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided. If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H – Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

　　　　If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim Without Deducting Value of Collateral" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion, if Any" on the Statistical Summary of Certain Liabilities and Related Data.

　　　　☑ Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE AND AN ACCOUNT NUMBER *(See Instructions Above)* | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. **None** | | | | | | | | |
| | | | VALUE $ | | | | | |
| ACCOUNT NO | | | | | | | | |
| | | | VALUE $ | | | | | |
| 0 continuation sheets Attached | | | Subtotal ▶ (Total of this page) | | | | | |
| | | | Total ▶ (Use only on last page) | | | | **$0.00** | |
| | | | | | | | (Report also on Summary of Schedules.) | (If applicable, report also on Statistical Summary of Certain Liabilities and Related Data) |

B6E (Official Form 6E) (04/10)

In re: **SOLAR TRUST OF AMERICA, LLC**
        Debtor

Case No. 12-11136 (KG)

# SCHEDULE E – CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with a type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Domestic Support Obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief.  11 U.S.C. § 507(a)(3).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 570 (a)(5).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

Form B6E (Official Form 6E) (04/10)– Cont.

**In re:  SOLAR TRUST OF AMERICA, LLC**                                      Case No. 12-11136 (KG)
                              **Debtor**


☐    **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐    **Deposits by individuals**

Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(7).

☐    **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. §507(a)(8).

☐    **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507(a)(9).

☐    **Claims for Death or Personal Injury While Debtor Was Intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).


*Amounts are subject to adjustment on 4/01/2013, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*


1 continuation sheets attached

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. **None** | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Total ▶ (Use only on last page) | | | | | | | $0.00 | | |

B6F (Official Form 6F) (12/07)

In re:  SOLAR TRUST OF AMERICA, LLC                                          Case No. 12-11136 (KG)
                Debtor

# SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.) Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data..

☐ Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME , MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>APCO Worldwide, Inc.<br>700 12th Street, NW. Suite 800<br>Washington, DC  20005 | | | | | | | $92,902.00 |
| ACCOUNT NO.<br>Business Wire, Inc<br>Dept. 34182<br>P.O. Box 39000<br>San Francisco, CA  94139 | | | | | | | $930.00 |
| ACCOUNT NO.<br>CA Solar 10, LLC<br>505 Montgomery Street<br>San Francisco, CA  94111 | | | | | | | $15,000.00 |
| ACCOUNT NO.<br>Citicorp North America Inc<br>Global Trade<br>3800 Citibank Center, Blg B<br>3rd Floor<br>Tampa, FL  33610-9122 | | | | | | | $383.00 |
| ACCOUNT NO.<br>Concur<br>18400 NE Union Hill Road<br>Redmond, WA 98052 | | | | | | | $5,643.00 |
| ACCOUNT NO.<br>CSC<br>P.O.Box 13397<br>Philadelphia, PA  19101-3397 | | | | | | | $100.00 |

01:12118419.1

B6F (Official Form 6F) (12/07)

In re: SOLAR TRUST OF AMERICA, LLC
           Debtor

Case No. 12-11136 (KG)

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME , MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Faithful + Gould Constructive Expertise<br>PO Box 503672<br>St. Louis, MO 63150-3672 | | | | | | | $555.00 |
| ACCOUNT NO.<br>FedEx<br>P.O. Box 7221<br>Pasadena, CA 91109-7321 | | | | | | | $283.00 |
| ACCOUNT NO.<br>Ferrostaal AG<br>Hohenzollermstrasse 24<br>45128 Essen, Germany | | | | | | X | $2,770,000.00 |
| ACCOUNT NO.<br>Ferrostaal Industrial Services, Inc.<br>363 North Sam Houston Pkwy E. Suite #1710<br>Houston, TX 77090 | | | | | | X | $1,130,000.00 |
| ACCOUNT NO.<br>Ferrostaal, Inc.<br>363 North Sam Houston Pkwy E. Suite #1710<br>Houston, TX 77090 | | | | | | X | $740,451.00 |
| ACCOUNT NO.<br>Jones Day<br>222 East 41st Street<br>New York, NY 10017-6702 | | | | | | | $3,919.00 |
| ACCOUNT NO.<br>Keegan Strategic Communications, LLC<br>8424 Brookpoint Court<br>Tinley Park, IL 60487 | | | | | | | $21,883.00 |
| ACCOUNT NO.<br>KPMG LLP<br>Dept. 0970<br>P.O. Box 120001<br>Dallas, TX 75312-0970 | | | | | | | $56,350.00 |
| ACCOUNT NO.<br>Lakota Partners / MP<br>213 Rhododendron Dr<br>Chapel Hill, NC 27517 | | | | | | | $45,000.00 |

B6F (Official Form 6F) (12/07)

In re: SOLAR TRUST OF AMERICA, LLC                                    Case No. 12-11136 (KG)
         Debtor

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>McGuireWoods<br>Dominion Tower, 23rd Floor<br>Pittsburgh, PA 15222 | | | | | | | $479,266.00 |
| ACCOUNT NO.<br>McKinsey & Company<br>P.O.Box 7247-7255<br>Philadelphia, PA 19170-7255 | | | | | | X | $323,000.00 |
| ACCOUNT NO.<br>ML Strategies, LLC<br>701 Pennsylvania Avenue, N.W.<br>Washington, DC 20004 | | | | | | | $22,500.00 |
| ACCOUNT NO.<br>RWS Group - Translation Division<br>Europa House Chiltern Park<br>Chiltern Hill<br>Chalfont St Peter, Bucks SL9 9FG | | | | | | | $2,300.00 |
| ACCOUNT NO.<br>Solar Millennium AG<br>Nägelsbachstraße 33<br>D-91052 Erlangen, Germany | | | | | | | $53,347.00 |
| ACCOUNT NO.<br>Solar Millennium, Inc.<br>505 Montgomery Street<br>San Francisco, CA 94111 | | | | | | | $59,312,593.00 |
| ACCOUNT NO.<br>Solarhybrid US Holding Company, Inc.<br>220 Montgomery St., 15th Floor<br>San Francisco, CA 94104 | | | | | | | $2,310,000.00 |
| ACCOUNT NO.<br>Splash!events, Inc<br>210 Hillsdale Ave<br>San Jose, CA 95136 | | | | | | | $4,340.00 |
| ACCOUNT NO.<br>STA Development, LLC<br>505 Montgomery Street<br>San Francisco, CA 94111 | | | | | | | $225,000.00 |

B6F (Official Form 6F) (12/07)

In re:  SOLAR TRUST OF AMERICA, LLC                                    Case No. 12-11136 (KG)
                        Debtor

## SCHEDULE F – CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

| CREDITOR'S NAME , MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See Instructions above.) | CODEBTOR | HUSBAND, WIFE, JOINT, OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.<br>Stahlschmidt, Inc<br>2000 Auburn Drive, Suite 221<br>Beachwood, Ohio  44122 | | | | | | X | $96,445.00 |
| ACCOUNT NO.<br>T-Mobile<br>P.O.Box 742596<br>Cincinnati, OH  45274-2596 | | | | | | | $1,900.00 |
| ACCOUNT NO.<br>Towers Wastson Delaware Inc<br>345 California Steet, Suite 1500<br>San Francisco, CA,  94104 | | | | | | | $96,312.00 |
| ACCOUNT NO.<br>UBS Securities LLC<br>299 Park Aveenue<br>New York, NY  10171 | | | | | | | $91,209.00 |
| ACCOUNT NO.<br>XO Communications<br>14239 Collections Center Dr<br>Chicago, IL  60693 | | | | | | | $823.00 |
| Total ►<br>(Use only on last page of the completed Schedule F.)<br>(Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | | | | | | $67,902,434.00 |

B6G (Official Form 6G) (12/07)

In re:  SOLAR TRUST OF AMERICA, LLC                          Case No. 12-11136 (KG)
                    Debtor

# SCHEDULE G – EXECUTORY CONTRACTS AND UNEXPIRED LEASES

       Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser," "Agent," etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐    Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST.  STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
| Steven Brewer<br>14552 Dearborn Street, Overland Park, KS 66223 | Employment Agreement, dated October 14, 2010. |
| Regus Management Group, LLC<br>P.O. Box 842456<br><br>Dallas, TX  75284-2456<br>Phone:  886-316-0556<br>Fax: | Nonresidential Real Property Lease for<br>51 JFK Parkway, Short Hills, NY 07078<br><br>Interest as Lessee |
| Stahlschmidt, Inc.<br>P.O. Box 381<br>Gates Mills, OH   44040-0381 | Nonresidential Real Property Lease for<br>3201 Enterprise Parkway, Beachwood, Ohio<br><br>Interest as Lessee |
| Tiberti Fence<br>1975 Rogers Street<br>Las Vegas, NV 89118 | Miscellaneous construction material in storage |

01:12118419.1

B6H (Official Form 6H) (12/07)

In re: **SOLAR TRUST OF AMERICA, LLC**                                    Case No. 12-11136 (KG)
                    Debtor

# SCHEDULE H – CODEBTORS

       Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by the debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight-year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| ACE American<br>436 Walnut Street<br>Philadelphia, PA  19106 | Unknown |
| ACE Fire Underwriters Insurance Company<br>436 Walnut Street<br>Philadelphia, PA  19106 | Unknown |
| ACE Property and Casualty Insurance Co.<br>436 Walnut Street<br>Philadelphia, PA  19106 | Unknown |
| Liberty Insurance Underwriters, Inc.<br>55 Water Street<br>18th Floor<br>New York, NY  10041 | Unknown |
| National Union Fire Insurance Co. of PA<br>175 Water Street<br>New York, NY  10038 | Unknown |
| State Compensation Insurance Fund<br>P.O. Box 429<br>Pleasanton, CA  94566 | Unknown |
| Travelers Property Casualty Co. of America<br>One Tower Square<br>Hartford, CT  06183 | Unknown |

01:12118419.1

**EXHIBIT A**

**EXHIBIT A**

**Solar Trust Of America, LLC**

| Asset description | |
|---|---:|
| **Furnture and Fxtures** | |
| Great Openings Filing Cabinet | 409 |
| Great Openings Filing Cabinet | 409 |
| Credenza - Conference Room 2 | 861 |
| Desk - Solar | 503 |
| Desk - Solar | 503 |
| Desk - Solar | 503 |
| Bookshelf - Solar | 735 |
| Bookshelf - Solar | 735 |
| Bookshelf - Solar | 735 |
| Credenza  - Solar | 907 |
| Credenza  - Solar | 907 |
| Credenza  - Solar | 907 |
| Desk - Open Offices | 503 |
| Bookshelf  - Open Offices | 735 |
| Credenza  - Open Offices | 907 |
| Credenza  - Open Offices | 907 |
| Audrey Table round 42x29 - G Keigley | 347 |
| Audrey Table round 42x29 - S Lott | 347 |
| Art Work - Office Wall Hangings | 138 |
| Desks (2)  - Maple, Veneer Top, 30Dx72wx29h | 1,520 |
| Desks (2)  - Maple, Veneer Top, 30Dx72wx29h | 1,229 |
| Storage Cabinets (2) - Audrey 24x24x27.5 | 718 |
| Love Seat - Free Standing Hush Series 54.5x30x31 | 1,002 |
| Lounge Chair - Black Leather 33.25x30x31 | 582 |
| Coffee Table - Rectangle 42x24x16 | 274 |
| | 17,317 |
| | |
| **Computers and office Equipment** | |
| Computer- Lenovo Thinkpad x 61 Tablet 7762 | 204 |
| New Laptop | 866 |
| Computer - Fujitsu Lifebook 56520 | 235 |
| Adobe Acrobat Pro 9.0 License (3) | 152 |
| Laptop Computer 6930P C2D/2.53 14.1 2GB w/ VISIO | 285 |
| Laptop Computer, Docking Station, Acrobat/VISIO | 370 |
| Laptop Computer, Docking Station, Acrobat/VISIO | 604 |
| Laptop Computer - Kai Schmidt in Cleveland  office | 1,431 |
| Laptop Computer - John Clapp | 1,755 |
| Uwe iPAD | 573 |
| File & DNS Server , FTP, Host Server | 591 |
| Sony Vaio Loptop (Uwe) | 1,599 |
| HP Eitebook ( Kai) | 968 |
| laptop latttiutude E 6410 | 1,242 |
| | 10,876 |

EXHIBIT A

**Solar Trust Of America, LLC**

| Asset description | |
|---|---:|
| **Software** | |
| John's Laptop ( Micrsofe Office 2010 and Windows Services 2008 R2 license ) | 1,826 |
| Navision software | 5,005 |
| ADP( T&E software Concur) | 319 |
| ADP( T&E software Concur) | 639 |
| ADP( T&E software Concur) | 2,447 |
| Navision software | 15,937 |
| Navision software | 1,662 |
| Navision software | 5,341 |
| Navision software | 3,740 |
| Navision software | 3,023 |
| Navision software | 1,814 |
| Navision software | 4,118 |
| Navision software | 4,572 |
| Navision software | 1,700 |
| Navision software | 1,209 |
| Navision software | 2,569 |
| Navision software | 4,496 |
| Navision software | 2,663 |
| Navision software | 10,599 |
| | 73,679 |
| | |
| Total | 101,872 |

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **SOLAR TRUST OF AMERICA, LLC**, *et al.*, a Delaware limited liability company, | Case No. 12-11136 (KG) |
| Debtors.[1] | (Jointly Administered) |

## DECLARATION CONCERNING
## SCHEDULES OF ASSETS AND LIABILITIES

I, Jimmie Cummins, the Executive Vice President, Chief Restructuring Officer and Chief Financial Officer of Solar Trust of America, LLC and Chief Financial Officer of the other debtors in the above-captioned cases, declare under penalty of perjury that I have read the foregoing Schedules of Assets and Liabilities, and that they are true and accurate to the best of my knowledge, information and belief.

Date:   June 1, 2012

_____

Jimmie Cummins
Executive Vice President, Chief Restructuring Officer
and Chief Financial Officer

---

[1] The Debtors in these chapter 11 cases, and the last four digits of their employer tax identification number, are: Solar Trust of America, LLC (4430), STA Development, LLC (9964), STA Contracting, LLC (8039), Amargosa Valley Solar I, LLC (2615), Amargosa Valley Solar II, LLC (0481), Palo Verde Solar I, LLC (1503), Palo Verde Solar II, LLC (1587), Palen Solar I, LLC (1669), Palen Solar II, LLC (1728), CA Solar 10, LLC (1779), Solar Millennium, Inc. (9886), Ridgecrest Solar Power Project, LLC (2699), Ridgecrest Solar I, LLC (1825), and Ridgecrest Solar II, LLC (0397). The corporate headquarters address for the Debtors is 505 Montgomery Street, 11th Floor, San Francisco, CA 94111.