## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| SOLAR TRUST OF AMERICA, LLC, a | ) | Case No. 12-11136(KG) |
| Delaware limited liability company, *et al.*, | ) | |
| | ) | |
| Debtors. | ) | |
| _____ | ) | **Re Dkt. No. 1033** |

## MEMORANDUM OPINION

The Court is ruling on the Motion Pursuant to Fed. R. Civ. P. 56 and Fed. R. Bankr. P. 7056 for Summary Judgment Allowing the General Unsecured Claim Number 49 of Krammer Jahn Rechtsanwaltsgesellschaft mbH (the "Motion") filed by Krammer Jahn Rechtsanwaltsgesellschaft mbH ("Krammer Jahn").

## Facts

On December 15, 2010, Utz Classen, the former chief executive officer of Solar Millennium, initiated a lawsuit in Germany, seeking a declaratory judgment that Solar Trust of America ("STA") had no claim for defamation of the Debtors against him. (Mem. at ¶ 2.) On March 25, 2011, STA and Krammer Jahn executed an Engagement Letter to provide for representation of only STA in the lawsuit. (Mem. at ¶14.) STA also executed a power of attorney that authorized Krammer Jahn to take legal action on its behalf. (Mem. at ¶14.)

On January 1, 2012, the German court dismissed the lawsuit because Classen failed to allege an identifiable harm and the German court had no legal authority to enjoin a judicial proceeding that would be filed in the United States. (Mem. at ¶18.) On

February 4, 2012, Classen appealed the dismissal. (Mem. at ¶19.) On April 2, 2012, the Debtors filed their petition for relief under Chapter 11 of the Bankruptcy Code, which stayed the appeal with respect to STA. (Mem. at ¶20.) On June 5, 2012, although the underlying lawsuit sought 25,000 euros, the German appellate court issued an opinion (the "German Opinion") setting the amount in controversy in the lawsuit at 30,000,000 euros, based on the defendants' allegation of losses exceeding tens of millions of dollars. (Mem. at ¶21.)

On July 31, 2012, Krammer Jahn sent a final invoice to the Debtors' claims processing agent for $264,319.94 in fees pursuant to German law. (Jahn Aff. at Ex. H.) On August 8, 2012, Krammer Jahn filed its proof of claim asserting a general unsecured claim based on the final invoice and explaining that, pursuant to the German Lawyer's Fee Act, the fees are based on the amount in controversy in the lawsuit. (Jahn Aff. at Ex. G.) The proof of claim included the final invoice, a copy of the Engagement Letter and power of attorney and their English translations. Additionally, the proof of claim included a copy of the six-page German Opinion and an English translation of only the first paragraph which stated the German Opinion's holding. (Jahn Aff. at Ex. I.) Although the invoice attributes the amounts charged to various provisions of the German Lawyer's Fee Act, Krammer Jahn did not provide a copy or a translation of the referenced provisions.

The Liquidation Trustee objected to the claim, requesting its disallowance on two grounds. First, the Liquidation Trustee asserts that the Debtors' books and records do not indicate any liability to Krammer Jahn because the STA paid the invoice for the underlying lawsuit prepetition and Krammer Jahn did not represent the STA in the

appeal. Second, the Liquidation Trustee alleges that Krammer Jahn fails to establish the entitlement to payment of any fees pursuant to the German Opinion or relevant German law because the German Opinion was issued against STA's co-defendants, not STA.

In response, Krammer Jahn argues that the Liquidation Trustee fails to rebut the prima facie validity of the claim and moves for summary judgment seeking allowance of the claim. Krammer Jahn asserts that the Engagement Letter provides that "[f]or court services provided by [Krammer Jahn], at least the minimum fees outlined in the German Lawyers' Fee Act are to be charged as required by mandatory provisions of law." (Mem. at ¶ 23.) Krammer Jahn provides a translated excerpt of the German Lawyers' Fee Act that states: "[f]ees, … are calculated based on the value of the legal matter for which the legal services are provided (amount involved)." (Mem. at ¶ 23.) Krammer Jahn further asserts that the German appellate court set the value of the initial lawsuit at 30,000,000 euros. (Jahn Aff. at Ex. G.) Without providing a translation of the entire German Opinion, Krammer Jahn indicates that the German appellate court "was guided in its decision by the Classen Suit defendants' reference in the Litigation Hold letter to 'losses in excess of tens of millions of dollars.'" (Mem. at ¶ 21.) Additionally, the German Lawyer's Fee Act schedule of fees that was used to calculate the fees, according to the invoice, was not provided with the proof of claim or the Motion.

The Liquidation Trustee opposes the Motion arguing that a question of material fact exists as to whether the German Opinion is void as to the Debtors because it was entered while the automatic stay was in effect. Moreover, the Liquidation Trustee asserts that STA was not represented in the German appeal proceedings. Additionally, the

3

Liquidation Trustee argues that § 502(b)(4) allows a court to examine an attorney's claim to determine the reasonable value of services rendered and there remains a question as to the reasonable value of services provided by Krammer Jahn.

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order of Reference from the United States District Court for the District of Delaware, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory bases for the relief requested are Sections 105 and 502 of the Bankruptcy Code, and Bankruptcy Rules 3001 and 3007.

## Discussion

Pursuant to Federal Rule of Civil Procedure 56(a), a court may grant summary judgment where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A material fact is one that "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute regarding a material fact is genuine "when reasonable minds could disagree on the result." *Delta Mills, Inc. v. GMAC Comm. Fin., Inc. (In re Delta Mills, Inc.)*, 404 B.R. 95, 105 (Bankr. D. Del. 2009). The moving party bears the burden of demonstrating an entitlement to summary judgment. *McAnaney v. Astoria Fin. Corp.*, 665 F. Supp. 2d 132, 141 (E.D.N.Y. 2009).

At the summary judgment stage, a court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. *Celotex*, 477 U.S. at 317; *see also* Fed. R. Civ. P. 56(c). In making this determination, a court must view all facts in the light most favorable to the non-movant and must draw all reasonable inferences from the underlying facts in favor of the non-movant. *McAnaney*, 665 F. Supp. 2d at 141; *Pastore v. Bell Tel. Co. of Pa.*, 24 F.3d 508, 512 (3d Cir. 1994). Any doubt must also be construed in the non-moving party's favor. *Delta Mills*, 404 B.R. at 105.

Once the moving party provides sufficient evidence, the burden shifts to the non-moving party to rebut the evidence. *Delta Mills*, 404 B.R. at 105. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *McAnaney*, 665 F. Supp. 2d at 141 (quoting *Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002)). "[T]he mere existence of some alleged factual dispute between the parties" cannot defeat a properly supported summary judgment motion. *Anderson*, 477 U.S. at 247–48. The dispute must relate to a genuine issue of material fact. *Delta Mills*, 404 B.R. at 105. Thus, a non-moving party cannot defeat a summary judgment motion based on conclusory allegations and denials, but instead must provide supportive arguments or facts that show the necessity of a trial. *McAnaney*, 665 F. Supp. 2d at 141. Summary judgment should be granted if, after drawing all reasonable inferences from the underlying facts in the light most favorable to the non-moving party, the court concludes that there is no genuine issue of material fact to be resolved at trial and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

A proof of claim filed in accordance with the Federal Rules of Bankruptcy Procedure constitutes prima facie evidence of the validity and amount of the claim. Fed. R. Bankr. P. 3001(f). A claim based on a writing must include a copy of the writing with the proof of claim. Fed. R. Bankr. P. 3001(c)(1). A timely filed proof of claim is deemed allowed unless a party of interest objects. 11 U.S.C. § 502(a).

The burden of proof related to claims and claims' objections "shifts between the proponent of, and objector to, a claim." *In re Smurfit-Stone Container Corp.*, 444 B.R. 111, 117 (Bankr. D. Del. 2011), citing *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173 (3d Cir. 1992). Once a party in interest objects to a claim, the objector must "produce sufficient evidence [to] discredit[] at least one of the allegations essential to the claim's legal sufficiency." *Id.*, (citing *Allegheny*, 954 F.2d at 173-4). Should the objector succeed in producing such evidence, "the burden to demonstrate an entitlement to payment on its claim shifts back to the claimant." *Id.*, (citing *Allegheny*, 954 F.2d at 174). The burden of persuasion is always on the claimant. *Allegheny*, 954 F.2d at 173-4.

Where a document is written in a foreign language and the submitting party fails to provide an English translation, a court may appropriately decline to consider the document as part of the record on summary judgment. *See, e.g., Puerto Ricans for Puerto Rico Party v. Dalmau*, 544 F.3d 58 (1st Cir. 2008) ("the failure of defendants to provide a translated copy of a critical decision alone warranted denial of their motion."); *Lopez-Carrasquillo v. Rubianes*, 230 F.3d 409 (1st Cir. 2000) ("Because the deposition excerpt is in Spanish and [the submitter] did not provide an English translation, we decline to consider it as part of the record on summary judgment."); *United States v. Cruz*, 765 F.2d

1020 (11th Cir. 1985) ("[Defendant] cannot complain on appeal that the jury's fact finding function was usurped when he failed to present [the English translation of] evidence which would have aided the jurors in fulfilling that function."); *U.S. Soo Bahk Do Moo Duk Kwan Federation, Inc. v. Int'l Tang Soo Do Moo Duk Kwan Ass'n*, 2014 WL 3565432 (M.D. Pa. July 18, 2014) (declining to consider an exhibit written in Korean that was not accompanied by an English translation); *Magee v. BEA Const. Corp.*, 2013 WL 457663 (D.P.R. Feb. 4, 2014) (stating in a footnote that "Defendants' failure to provide translations of the proposition of law on which their motion for summary judgment lies constitutes an independent ground for not granting said motion.").

Krammer Jahn asserts its claim, pursuant to German law, based on the value set in the German Opinion. However, Krammer Jahn has provided the Court with an incomplete translation of the German Opinion and foreign laws that serve as the bases for its claim. The Court cannot rely on an incomplete translation of an integral document to adjudicate a summary judgment motion. *See, e.g. Bose Corp. v. SDI Techs., Inc.*, 558 Fed. Appx. 1012 (Fed. Cir. 2014) (holding that the district court improperly depended on incomplete evidence). Thus, at this stage of summary judgment, the Court will decline to consider the German Opinion as part of the record.

Consequently, there remains a question of fact as to the amount of Krammer Jahn's claim. Krammer Jahn asserts a claim, pursuant to the German Lawyer's Fee Act, based on the value of the underlying lawsuit. Reviewing the record and taking the facts in the light most favorable to the Debtors, there remains a question of fact as to the value of the underlying lawsuit. Accordingly, there remains an issue for trial that precludes the

Court from granting the Motion. In reaching this conclusion, the Court need not make a determination as to the reasonable value of services at this juncture.

## Conclusion

Based on the record currently before the Court, Krammer Jahn has failed to demonstrate that no material question of fact or law exists that would entitle the granting of summary judgment. Therefore, the Court will deny the Motion. The Court will issue an order

Dated: August 18, 2014

KEVIN GROSS, U.S.B.J.